IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MICHAEL BOLLWITT AND JERI BOLLWITT                                          PLAINTIFFS

V.                                                        CIVIL ACTION NO. 1:20-CV-112-SA-DAS

BAPTIST MEMORIAL HOSPITAL-GOLDEN
TRIANGLE, INC. D/B/A BAPTIST MEMORIAL
HOSPITAL-GOLDEN TRIANGLE, *et al*.                                          DEFENDANTS

ORDER

Now before the Court is Schumacher Management Services, Inc.'s ("Schumacher") Motion to File Exhibit Subject to Restricted Access [220]. Schumacher requests that it be permitted to file as restricted Exhibit 4 to its Motion for Summary Judgment [218]. Exhibit 4 is an Agreement for Emergency Medical Services. Schumacher contends that it contains sensitive and proprietary information. In addition, Schumacher moves the Court to direct the Clerk of Court to restrict access to Exhibits 14, 15, 16, and 17 of the Plaintiffs' Motion for Partial Summary Judgment [186] which was filed on February 11, 2022. There is no opposition to the request. The Court further notes that the documents are subject to a Protective Order [44] which was previously entered by this Court.

Rule 79 of the Uniform Local Rules provides that no document shall be sealed without a court order. L.U. Civ. R. 79(b). "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). In recognition of the public's general right to inspect, "[n]o document may be sealed merely by stipulation of the parties." L.U. Civ. R. 79(d). Instead, "[b]efore sealing court records, a district court must 'balance the public's common law right of access against the interests favoring nondisclosure.'" *Test Masters Educational Services, Inc. v. Robin Singh Educations Services, Inc.*, 2015 WL 13768849, at *1 (5th Cir. Oct. 22, 2015) (quoting *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir.

1993)). "[T]here is a presumption in favor of the public's access to judicial records, and the decision whether to order judicial records sealed is committed to the sound discretion of the district court." *EEOC v. Faurecia Automotive Seating, LLC*, 2017 WL 564051, at *1 (N.D. Miss. Feb. 10, 2017) (citation and internal quotation marks omitted).

The Court has reviewed the subject documents proposed to be filed as restricted. Having done so, the Court recognizes that the Agreements do contain proprietary and confidential information such that the documents should be restricted. In other words, at this stage, the Court finds that the balancing test weighs in favor of restriction. The Motion [220] is therefore GRANTED. However, the Court retains complete discretion to reconsider this request and remove certain restrictions if it determines that the same is necessary when ruling on the pending motions in this case. Schumacher shall communicate with the Clerk of Court as necessary to accomplish the restricted filing.

SO ORDERED, this the 25th day of April, 2022.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE